UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE SMITH d/b/a J & J SMITH TRACTOR, INC., | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) Case No. 08-CV-0141-CVE-PJC |
| RUSSELL VACLAW and JOHNNY PAUL AKERS, | ) ) ) ) ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Now before the Court is plaintiff's Complaint (Dkt. # 1). Plaintiff Joe Smith ("Smith") alleges that he sold a tractor to Jack Cranor ("Cranor"), and Cranor repeatedly made unfounded complaints about the performance of the tractor's air conditioning system. Smith replaced the tractor with a second tractor, and Cranor continued to complain about the second tractor's air conditioning system. Cranor sued Smith in Washington County District Court alleging that Smith sold him a defective tractor, and he obtained a jury verdict in his favor for $36,400. Plaintiff alleges that the verdict was subsequently overturned by the Oklahoma Court of Civil Appeals because the jury's verdict was not supported by the evidence. Thirteen months later, Cranor has re-filed the same lawsuit against Smith. Smith has filed a motion to dismiss Cranor's second lawsuit, and this motion is still pending before the Washington County District Court. Smith seeks an injunction from this Court enjoining the state court proceedings, because he claims that Cranor's second lawsuit is barred by the doctrine of res judicata and Oklahoma's statute of limitations. Smith has

named the Honorable Russell Vaclaw ("Judge Vaclaw") and Johnny Paul Akers ("Akers"), Cranor's attorney, as parties to this case.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiff asserts that the Court has subject matter jurisdiction under 28 U.S.C. § 1331, because his complaint allegedly states a federal question. Section 1331 provides that "[t]he federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case arises under federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice

2

Assur., Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacations Trust for Southern California, 463 U.S. 1, 27-28 (1983)). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "The litigant asserting jurisdiction must carry the burden of proving it by a preponderance of the evidence." Lindstrom v. United States, 510 F.3d 1191, 1193 (10th Cir. 2007).

Plaintiff cites the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283, as independent bases for federal question jurisdiction. However, neither of these statutes provides a basis for federal question jurisdiction over plaintiff's claims. The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Although the All Writs Act authorizes a federal court to issue all writs necessary to protect its jurisdiction, the statute is not an independent basis for federal jurisdiction. Goss Int'l Corp. v. Man Roland Druckmaschinen, 491 F.3d 355, 364 (8th Cir. 2007); Burr & Forman v. Blair, 470 F.3d 1019, 1027 (11th Cir. 2006); Marino v. Pioneer Edsel Sales, Inc., 349 F.3d 746, 754 n.2 (4th Cir. 2003). A federal court has jurisdiction under the All Writs Act only when it has already exercised jurisdiction over a case. In re Hill, 437 F.3d 1080 (11th Cir. 2006). It is clear that the Washington County District Court exercised jurisdiction over Cranor's original lawsuit against Smith, and this Court would simply be interfering with the jurisdiction of a state court if it attempted to exercise jurisdiction over plaintiff's claims. The All Writs Act does not authorize this Court to exercise jurisdiction in such cases and is not a basis for subject matter jurisdiction over plaintiff's claims.

Plaintiff also cites the relitigation exception to the Anti-Injunction Act, but this also does not provide a basis for the Court exercise subject matter jurisdiction over plaintiff's claims. The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment." 28 U.S.C. § 2283. The relitigation exception permits a federal court to enjoin a state court proceeding only when the federal court has affirmatively ruled on a specific issue in a previous case between the same parties. Weyerhaeuser Co. v. Wyatt, 505 F.3d 1104, 1111 (10th Cir. 2007). In this case, the Cranor's original lawsuit was filed in Washington County District Court and this Court has not previously considered the merits of Cranor's claims against Smith. Bailey v. State Farm Fire & Cas. Co., 414 F.3d 1187, 1190 (10th Cir. 2005). Therefore, the relitigation exception to the Anti-Injunction Act is not implicated and does not provide a basis for subject matter jurisdiction over plaintiff's claims.

Plaintiff also asserts a claim under 42 U.S.C. § 1983, alleging that Judge Vaclaw and Akers have engaged in a civil conspiracy to violate plaintiff's due process rights. Except for plaintiff's vague reference to "due process rights," the Court can find no reference to federal law in the Complaint. Dkt. # 2, at 6. Under § 1331, a claim invoking federal jurisdiction may be dismissed "if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). Plaintiff's civil conspiracy claim falls into the category of claims that are wholly insubstantial and frivolous, and it does not provide a basis for federal subject matter jurisdiction. In this case, plaintiff simply alleges that he has state law defenses to a pending civil case in state court and he has filed a motion to dismiss which has not

yet been ruled on by the state court. Dkt. # 2, at 4, 6. In a § 1983 claim alleging a conspiracy between a state court judge and private parties, the plaintiff must allege specific facts "tending to show agreement and concerted action" to satisfy the state action requirement under § 1983. <u>Sooner Prod. Co. v. McBride</u>, 708 F.2d 510, 512 (1983). "The standard is even stricter where state officials allegedly involved in the conspiracy are immune from suit, as are the state court judges." <u>Id</u>. Plaintiff has not alleged any specific facts showing an agreement between defendants to violate his civil rights and, consequently, he has not stated a colorable claim under § 1983. Therefore, the Court lacks subject matter jurisdiction over this claim. The Court finds that plaintiff has not stated any claim invoking federal subject matter jurisdiction, and his case should be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's case is **dismissed** for lack of subject matter jurisdiction.

**DATED** this 11th day of March, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5